BURDON CENT. SUGAR REF. CO. *v.* LEVERICH.

*(Circuit Court, E. D. Louisiana.* November 15, 1888.)

INJUNCTION—AGAINST BREACH OF CONTRACT—ADEQUATE REMEDY AT LAW.

The breach of a contract by which defendant agreed to have her whole crop of sugar for two years refined at plaintiff's refinery may be adequately compensated by damages at law, and equity will not enjoin a violation of the agreement.

In Equity. On motion for injunction *pendente lite.*

Bill by the Burdon Central Sugar Refining Company against Anne F. Leverich to restrain the violation of a contract by which defendant agreed to have all the sugar produced on her plantation in the years 1887 and 1888 refined by plaintiffs.

*A. Goldthwaite,* for complainant.

*Rouse & Grant,* for defendant.

PARDEE, J. If the equity jurisdiction clearly appeared in this case there would still be serious difficulty in granting the injunction pending the suit, and perhaps on final decree. From the nature of the case an injunction prohibiting the defendant from violating the contract by selling or refining her crop elsewhere than in complainant's refinery is practically a decree for the specific performance of the contract,—for the present year at least, as the crop is now being gathered, and must be taken care of or totally lost. The effect of the injunction *pendente* then is to decide the case on the bill and affidavits, and leave the defendants to be heard afterwards. And besides this, there is grave doubt in my mind as to whether the suit heretofore instituted by the defendant against the plaintiff for damages and for a rescission of the contract on account of alleged breaches is not an insuperable objection to a decree for specific performance pending such suit. It would present a curious look if, while one party is asserting at law a suit for damages for the violation of a contract, the other party is enforcing the contract by an injunction in the nature of a decree for a specific performance. "If in any case the parties have so dealt with each other in relation to the subject-matter of a contract that the object of one party is defeated, while the other party is at liberty to do as he pleases in relation to that very object; or if in fact the character and condition of the property to which the contract is attached have been so altered that the terms and restrictions of it are no longer applicable to the existing state of things,—in such cases courts of equity will not grant any relief, but will leave the parties to their remedy at law." 2 Story, Eq. Jur. § 750. In a case in Virginia, where an action of covenant was brought on articles of agreement for the conveyance of an interest in an estate, the defendant was not allowed to bring a bill to enjoin the proceedings and for a specific performance. *Long* v. *Colston,* 1 Hen. & M. 110. If the present bill asked also for an injunction to stay the suit at law, the case would be exactly like the Vir-

ginia case just cited. However these matters may be,—and I have referred to them because argued,—it seems to me that there is no equity jurisdiction in the present case, because the complainant has a plain and adequate remedy at law. There is no doubt that the damages resulting to complainant from a breach of or total disregard of the contract on the part of defendant can be fully compensated in money, and from the nature of the contract and the conceded circumstances of the case, the amount of such damages can be accurately proved and determined. It is contended that because the contract is a continuing one, and covers the crops of 1887 and 1888, and therefore the damages for the breach cannot be ascertained before the crop of 1888 shall be made and refined, that therefore the remedy at law is incomplete, and that it is not sufficient that the remedy at law will after a time be complete and adequate; it should be complete and adequate now. The answer to this is that the complainant ought not to be allowed to recover for damages before the damages are suffered, and that the remedy is adequate as long as it is commensurate with the injury. In the case of *Fothergill* v. *Rowland*, L. R. 17 Eq. 132, which was a case exactly in point, it was said by the master of the rolls:

"To say you cannot ascertain the damage in a case of breach of contract for the sale of goods, say in monthly deliveries extending over three years, is to limit the power of ascertaining damage in a way which would astonish gentlemen who practice on the other side of Westminster Hall. There is never considered to be any difficulty in ascertaining such a thing."

The contract in question is a Louisiana contract, and the rule of damages resulting from the inexecution of obligations as found in article 1934 of the Revised Civil Code is broad enough to protect the complainant. As to where there is an adequate remedy at law, see *Thompson* v. *Allen Co.*, 115 U. S. 550–554, 6 Sup. Ct. Rep. 140, and *Buzard* v. *Houston*, 119 U. S. 347, 7 Sup. Ct. Rep. 249, and cases there cited. The motion for an injunction *pendente* is refused.